MANN, Judge.
These parties did not provide, as perhaps people who grow watermelons should, how losses were to be apportioned between them. They did provide that:
“After the harvesting and sale of the melons has commenced, Wade will thereafter from time to time make reasonable cash advances to Producer to assist Producer in paying his costs of production and harvesting. Wade will keep accurate records of such advances and accurate records of all receipts and sales, and, within a reasonable time after all melons have been sold and all receipts collected, and, in no event later than July 1st following the growing season, Wade will make a full and final accounting to Producer. Wade will deduct from the gross sales proceeds all of the costs and expenses which the parties have agreed to share equally, and the resulting net proceeds shall be divided equally between Wade and Producer, and the equal share due Producer, less all cash advances made by Wade to Producer, shall be paid to Producer by Wade in cash at the final accounting date.”
But they also provided that Myers would “furnish at his sole expense all of the labor, machinery and equipment necessary to prepare the land and cultivate the crop up to harvest time.” A drought strained Myers’ financial capacity and caused a situation in which Wade advanced money prior to harvest to cover the expense of irrigation and other expenses of cultivation.
The proceeds from the crop fell short of matching expenses, and Wade billed Myers for the money advanced while the crop was growing.
Myers was liable for these sums, as the able trial judge ruled. These were expenses he had undertaken to pay and doubtless would have paid from his own capital if he had been able. The contract did not obligate Wade to advance the money, and the first paragraph quoted above was merely an authorization for deduction of advances in settling accounts. Myers was still obligated for the expense of cultivating the melons.
Affirmed.
PIERCE, A. C. J., and ALLEN, J. (ret.), concur.